UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JULIANN O'DONNELL<br><br>Debtor. | Chapter 7<br>Case No. 12-10038-FJB |
| ASSOCIATED RECEIVABLES FUNDING, INC.<br>Plaintiff<br><br>v.<br><br>JULIANN O'DONNELL,<br><br>Defendant. | Adversary Proceeding<br>No. 12-01146 |

## NOTICE OF SERVING SUBPOENA DUCES TECUM ON FLEXTRONICS AMERICA, LLC AND NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, applicable herein via Federal Rule of Bankruptcy Procedure 9016, Plaintiff shall serve the attached Subpoena in an Adversary Proceeding (the "Subpoena") upon Flextronics America, LLC, requiring it to produce the documents identified on Exhibit A thereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and Rule 45, applicable herein via Federal Rule of Bankruptcy Procedure 7030 and 9016, ARF will take the deposition of the designee or designees of Flextronics America, LLC regarding the topics identified on the attached Subpoena on Friday, June 21, 2013, commencing at 10:00 am prevailing Eastern Time, at the offices of Stites & Harbison PLLC, 400 W. Market Street, Louisville, KY 40207, Suite 1800. The deposition will be recorded by

stenographic means.

                                              Respectfully submitted,
                                              Associated Receivables
                                              Funding, Inc.

                                              By its attorney,

Dated: May 8, 2013                          /s/ Michael B. Feinman
                                              Michael B. Feinman
                                              BBO#545935
                                              Feinman Law Offices
                                              23 Main Street
                                              Andover, MA 01810
                                              Tel: 978-475-0080
                                              Fax: 978-475-0852
                                              Email: mbf@feinmanlaw.com


## CERTIFICATE OF SERVICE

    I, Michael B. Feinman, hereby certify that I have this day served the foregoing pleading, by mailing a true and accurate copy of same, if not shown as being served electronically, via first class mail and postage prepaid, to the following parties in interest:

                              Juliann O'Donnell
                              1 Whitcomb Way
                          North Reading, MA 01864


Dated: May 8, 2013                          /s/ Michael B. Feinman
                                              Michael B. Feinman

## **EXHIBIT "A"**

1. Copies of all contracts, agreements, communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, between Flextronics America, LLC, and/or its affiliates, its employees, agents, or assigns ("Flextronics"), and Grove Electronics, LLC dba Chip Partners ("Grove"), and Brian O'Donnell, Julie O'Donnell, or any other employees, of Grove.

2. Copies of all contracts, agreements, communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, between Flextronics, and Associated Receivables Funding, Inc.

3. Copies of all communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, regarding Invoice Number 4871 dated March 4, 2010 from Grove to Flextronics America, LLC in the amount of $102,690.00 (the "Invoice"). A copy of the Invoice is attached hereto.

4. Copies of all communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, in connection with the shipping, or transferring of the product by and between Flextronics and Grove, as listed on the Invoice.

5. Copies of all communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, in connection with the cancellation of any orders or purchase orders placed by Flextronics, with Grove, with Invoice Number 4871 being just one example on such order.

Form 255 – Subpoena in an Adversary Proceeding (12/06)

# UNITED STATES BANKRUPTCY COURT

Western _____ District Kentucky

| | |
|---|---|
| In re Juliann O'Donnell,<br>Debtor<br>Associated Receivables, Funding, Inc<br>Plaintiff<br>v.<br>Juliann O'Donnell,<br>Defendant | **SUBPOENA IN<br>AN ADVERSARY PROCEEDING**<br><br>Case No. * 12-10038-FJB (U.S. Bankr. Mass.)<br><br>Chapter 7 |

To: Flextronics American, LLC c/o CT Corporation     Adv. Proc. No. * 12-01146 (U.S. Bankr. Mass.)

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding. Topics shall include (i) all documents on exhibit A; and (ii) all dealings with Juliann O'Donnell

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Stites & Harbison PLLC, 400 W. Market Street, Suite 1800<br>Louisville, KY 40202 | 6/21/13 at 10:00 a.m.<br>Deposition shall be recorded stenographically |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Stites & Harbison PLLC, 400 W. Market, Lou KY | 5/24/13 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>                    Attorney for Plaintiff | DATE<br>May 2, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Brian H. Meldrum, Stites & Harbison, PLLC, 400 W. Market Street, Louisville, KY 40202 (502) 587-3400

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 – Subpoena in an Adversary Proceeding (12/06)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT "A"

1. Copies of all contracts, agreements, communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, between Flextronics America, LLC, and/or its affiliates, its employees, agents, or assigns ("Flextronics"), and Grove Electronics, LLC dba Chip Partners ("Grove"), and Brian O'Donnell, Julie O'Donnell, or any other employees, of Grove.

2. Copies of all contracts, agreements, communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, between Flextronics, and Associated Receivables Funding, Inc.

3. Copies of all communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, regarding Invoice Number 4871 dated March 4, 2010 from Grove to Flextronics America, LLC in the amount of $102,690.00 (the "Invoice"). A copy of the Invoice is attached hereto.

4. Copies of all communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, in connection with the shipping, or transferring of the product by and between Flextronics and Grove, as listed on the Invoice.

5. Copies of all communications, notes, memos, correspondence, or other communication, whether in preliminary, draft, tentative or final form, in connection with the cancellation of any orders or purchase orders placed by Flextronics, with Grove, with Invoice Number 4871 being just one example on such order.