## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JULIANN O'DONNELL<br><br>Debtor | Chapter 7<br>Case No. 12-10038-FJB |
| ASSOCIATED RECEIVABLES<br>FUNDING, INC.,<br>            Plaintiff<br><br>v.<br><br>JULIANN O'DONNELL,<br>            Defendant | Adversary Proceeding<br>No. 12-01146 |

### PLAINTIFF'S MOTION FOR
### FURTHER EXTENSION OF TIME FOR DISCOVERY

NOW COMES Associated Receivables Funding, Inc. ("ARF"), the Plaintiff herein, by counsel and moves this Honorable Court for an extension of time for discovery in the above matter for an additional sixty (60) days from and after July 15, 2013.

In support hereof, ARF states as follows:

1.    On June 8, 2012, ARF caused to be filed its adversary proceeding in this case against the Debtor.

2.    Following unsuccessful mediation, the Court required completion of discovery to on or about January 15, 2013.

3. By motion dated November 20, 2012, ARF sought an extension of discovery due to various subsequent pleadings filed by the Debtor, as well as the intervening holiday season. This motion was opposed by the Debtor.

4. The Court's thereby extended discovery to be completed on or before April 15, 2013.

5. On February 15, 2013, ARF made application to the Court for commissions to conduct depositions in the districts of Kentucky and Colorado.

6. The applications were allowed after ARF complied with the Court's directive to make service on the prospective deponents, and without opposition from the Defendant, however, the Court did not grant said applications until March 14, 2013.

7. Counsel for ARF required additional time to conduct these depositions given the complexity of coordinating schedules of both counsel and the deponents, and especially given the need to do so in separate states. This motion was opposed by the Debtor.

8. By way of Order dated April 4, 2013, the Court extended the deadline for discovery to July 15, 2013.

### Delay in Conducting Deposition in Kentucky

9. Counsel for ARF timely noticed depositions for the out-of-state deponents, and said depositions are scheduled in Kentucky, for June 21, 2013, and Colorado, for June 28, 2013. Notices were issued well in advance of the deposition and a subpoena served on May 10, 2013. See Docket Entries in this proceeding, Nos. 65 -66.

-2-

10. Although properly noticed, and served pursuant to the pertinent bankruptcy rules, including local rules within Kentucky, In-House Counsel for the deponent Flextronics, Inc., Lacey Ellis, admitted only in California, has put forth untimely objections to the deposition, and is at present, improperly obstructing the appearance of the designated named deponent, Michelle Westmoreland. See email communications by and between counsel, attached hereto as Exhibit "1".

11. Based on the foregoing, if the deposition is not conducted on June 21, 2013, counsel for ARF will be forced, not of his own choosing, to seek relief from the Bankruptcy Court in Kentucky in order to compel the appearance of the named deponent. The need for this relief will require an extension of the discovery deadline, as requested herein.

### Delay Caused Solely by the Defendant, Juliann O'Donnell

12. Counsel for ARF timely noticed the deposition of the Debtor / Defendant, for June 24, 2013.

13. By way of reply dated June 15, 2013, the Debtor notified counsel for ARF that June 24, 2013, was unacceptable, and provided alternative dates of June 21st and June 28th, 2013, despite having notice that counsel for ARF had already scheduled the out-of-state depositions for those dates.

14. Further, the Debtor notified counsel for ARF of alternative dates of July 1, 2, 3, and 5, 2013.

15. Counsel for ARF is not available on any of those dates due to previously scheduled vacation plans for the holiday week.

16. Counsel for ARF proposed a rescheduled date of July 10, 2013, or alternatively requested that the Debtor agree to a further extension of discovery.

17. In response, the Debtor initially proposed alternative dates outside of the deadline for discovery completion, and then, refused the request for an extension in its entirety. See attached email correspondence by and between counsel for ARF and the Debtor, attached hereto as Exhibit "2".

18. Because of the Debtor's inexcusable refusal to cooperate, and her notice to counsel for ARF that she will not appear as summonsed for her deposition on June 24, 2013, counsel for ARF requests a further extension of the discovery deadline in the above matter for an additional sixty (60) days from and after July 15, 2013.

WHEREFORE, ARF respectfully requests this Honorable Court to allow this Motion and extend the deadline for completion of discovery an additional forty-five (45) days, and grant it such other and further relief as this Court deems just and proper.

Respectfully submitted,
Associated Receivables Funding, Inc.

By its attorney,

Dated: June 20, 2013

/s/ Michael B. Feinman
Michael B. Feinman
BBO#545935
Feinman Law Offices
23 Main Street
Andover, MA 01810
Tel: 978-475-0080
Fax: 978-475-0852
Email: mbf@feinmanlaw.com

-5-

## CERTIFICATE OF SERVICE

I, Michael B. Feinman, hereby certify that I have this day served the foregoing pleading, by mailing a true and accurate copy of same, if not shown as being served electronically, via first class mail and postage prepaid, to the following parties in interest:

Juliann O'Donnell
1 Whitcomb Way
North Reading, MA 01864


Dated: June 20, 2013                    /s/ Michael B. Feinman
                                        Michael B. Feinman

11x4751/Motion to Extend Discovery Deadline6-20-13

EXHIBIT "1"

**THE STATE BAR OF CALIFORNIA**

# ATTORNEY SEARCH

## Lacey June Ellis - #257787

### Current Status: Active

This member is active and may practice law in California.

See below for more details.

## Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| **Bar Number:** | 257787 | | |
| **Address:** | Flextronics<br>6201 America Center Dr<br>San Jose, CA 95002<br>Map it | **Phone Number:**<br>**Fax Number:**<br>**e-mail:** | (408) 577-4862<br>Not Available<br>laceyellis@yahoo.com |
| **County:** | Santa Clara | **Undergraduate School:** | Univ of Colorado Boulder; Boulder CO |
| **District:** | District 6 | | |
| **Sections:** | None | **Law School:** | Golden Gate Univ SOL; San Francisco CA |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 12/1/2008 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

### Disciplinary and Related Actions

Overview of the attorney discipline system.

This member has no public record of discipline.

### Administrative Actions

This member has no public record of administrative actions.

Start New Search »

## Michael B. Feinman

**From:** Michael B. Feinman
**Sent:** Wednesday, June 19, 2013 7:39 PM
**To:** Lacey Ellis
**Cc:** Meldrum, Brian
**Subject:** Re: Associated Receivables Funding subpoena to Flextronics

We will notify you to bring your checkbook.

---

Sent from somewhere on the road from my iPad.

On Jun 19, 2013, at 7:30 PM, "Lacey Ellis" <Lacey.Ellis@flextronics.com> wrote:

> We have timely served our objections. If you plan to file a motion to compel, please provide the required notice.
>
> **From:** Michael B. Feinman [mailto:mbf@feinmanlaw.com]
> **Sent:** Wednesday, June 19, 2013 4:15 PM
> **To:** Lacey Ellis
> **Cc:** Meldrum, Brian
> **Subject:** Re: Associated Receivables Funding subpoena to Flextronics
>
> Ms Ellis -
>
> If your client does not appear, I will seek to hold her in contempt, as well as other remedies available to secure her attendance. Your "understanding" is in your imagination, and your conduct is outrageous. Nobody told you that her testimony was not needed, or that her testimony would not go forward as noticed over a month ago. You will not tell me what I need to handle my case in Massachusetts.
>
> Brian - Please have someone in court tomorrow to secure her attendance and seek costs.
>
> ---
>
> Sent from somewhere on the road from my iPad.
>
> On Jun 19, 2013, at 6:46 PM, "Lacey Ellis" <Lacey.Ellis@flextronics.com> wrote:
>
>> Mr. Feinman & Mr. Meldrum,
>>
>> I was very surprised by your statement today that you still intend to take Ms. Westmoreland's deposition on June 21. It was my understanding that Flextronics would make Ms. Westmoreland available by phone and then discuss either that she would confirm her statements through an affidavit or, if the phone interview was not sufficient, the need for an in-person deposition at a later date. You interviewed Ms. Westmoreland today by phone and elected to speak to her for under 5 minutes. Based on your questions and her answers, I cannot imagine what you would have to ask Ms. Westmoreland in person that could not be accomplished through affidavit. If you would like to send me a proposed affidavit for Ms. Westmoreland, she will review and execute it if accurate. As I told you earlier today, I am available to meet and confer further as to your need for an in-person deposition, but we will <u>not</u> make Ms. Westmoreland available for deposition on June 21, 2013.

1

Document      Page 9 of 13

As for Flextronics' document production, we have certain non-privileged documents that may be responsive to your subpoena that contain confidential information. Absent the Court's entry of an appropriate protective order, however, we must stand on our confidentiality objections. I remain willing to continue our meet and confer efforts in this regard.

Sincerely,
Lacey

**Lacey Ellis**
Corporate Counsel

*Creating value that increases customer competitiveness*

6201 America Center Drive
San Jose, CA  95002

(408) 577-4862        direct
(408) 472-4641        mobile

lacey.ellis@flextronics.com   |   www.flextronics.com

Follow us <image001.gif><image002.gif><image003.gif>

<image006.jpg>

Legal Disclaimer: The information contained in this message may be privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message

Legal Disclaimer:
The information contained in this message may be privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message!

Legal Disclaimer:
The information contained in this message may be privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message!

EXHIBIT "2"

## Michael B. Feinman

**From:** Julie O'Donnell [nrodonnell@gmail.com]
**Sent:** Wednesday, June 19, 2013 11:39 PM
**To:** Michael B. Feinman
**Cc:** Stephen Shannon; 'Kevin Gilbert'
**Subject:** RE: 12-01146 Deposition date

Mr. Feinman,
I do not agree to extend the discovery deadline.
Please provide alternative dates that you are available within the deadline.
Thank you.
Julie O'Donnell

**From:** Michael B. Feinman [mailto:mbf@feinmanlaw.com]
**Sent:** Wednesday, June 19, 2013 9:11 AM
**To:** Julie O'Donnell
**Cc:** Stephen Shannon; Kevin Gilbert
**Subject:** RE: 12-01146 Deposition date

Ms. O'Donnell –

I am not being condescending. Had I wanted to be, I could have addressed the mailings and emails that you have sent to my client that were clearly condescending about me. If you want to end the litigation, it is within your ability to give us an agreement for judgment. That will end this litigation. My client is not walking away from this case, nor is my client walking away from claims against your husband.

In the meantime, I can conduct your deposition on July 28. However, that will require an agreement from you to extend the discovery deadline through that date or later, including additional time for me to depose your husband. If you will agree to that extension of time – perhaps with a new deadline of August 16, I will prepare the necessary agreement. If you will not agree, then I cannot be so cooperative either.

As for the part that you probably thought was condescending, in terms of June 21 and June 28, there are depositions being conducted out of state. If you intend to participate, you need to let me know by today. Otherwise, I will anticipate that you will not be participating.

I need your reply to most of these issues today.

**From:** Julie O'Donnell [mailto:nrodonnell@gmail.com]
**Sent:** Wednesday, June 19, 2013 8:56 AM
**To:** Michael B. Feinman
**Cc:** Karen Karantonis; Stephen Shannon
**Subject:** RE: 12-01146 Deposition date

Mr. Feinman,

I am simply providing you my availability. I do not appreciate your condescending tone. You assume that I know the staffing and qualifications of your office staff. Is there just one person conducting depositions on your firms behalf? I would assume any/all attorneys in your firm can conduct a deposition as I have previously seen Mr. Shannon appear in court on your behalf in my case.

1

I am not available July 10. My work schedule does not permit me to take that day off. I am an employee and cannot just take any day off without prior permission scheduled in advance.

I am still available the dates listed below and I can be available the weeks of July 17th – 28th. But I have to request the day off from work so I would appreciate advance notice. I have provided you numerous available dates and am cooperating.

Regarding Brian, you will have to contact him directly. I cannot and will not speak for him or commit to any scheduling on his behalf.

I believe you will need to, by law, send Brian a subpoena.

Thank you,
Julie O'Donnell

---

**From:** Michael B. Feinman [mailto:mbf@feinmanlaw.com]
**Sent:** Monday, June 17, 2013 9:48 AM
**To:** Julie O'Donnell
**Cc:** Karen Karantonis; Stephen Shannon
**Subject:** RE: 12-01146 Deposition date

Ms. O'Donnell –

I am willing to reschedule your deposition. I am willing to make it for July 10, 2013 at 10 am. Interestingly, you mention that you are available on June 21 and June 28. However, there are other depositions in this case scheduled for those dates, and notice was provided to you about a month ago. Those depositions are out of state. If you are planning to participate in those depositions, you should let me know.

In addition, there are other documents that I want from you. I also want to depose your husband, so we can get that all done on July 10, if he is available. The additional documents that I want from you are bank statements and cancelled checks for your personal bank accounts and for Grove Electronics for the period of time from March 1, 2010 through and including December 31 2011. I will be seeking the same documents from your husband, so you can jointly search out these documents. If need be, I can send out another subpoena.

Please advise as to how you want to proceed with these matters. I would like to hear from you by tomorrow so that the stenographer can be notified.

Thank you.

---

**From:** Julie O'Donnell [mailto:nrodonnell@gmail.com]
**Sent:** Saturday, June 15, 2013 10:08 AM
**To:** Michael B. Feinman
**Subject:** 12-01146 Deposition date

Mr. Feinman -

The date that you selected for deposition does not accommodate my schedule. Due to work and family commitments on that day, I am unable to attend the deposition date that you selected of June 24, 2013.

2

If I had been contacted in advance before your setting this date, we would have been able to reach a mutually agreeable date.


Alternative dates for which I am available are as follows.
    Friday, June 21, 2013
    Friday, June 28, 2013
    Monday, July 1˙2013
    Tuesday, July 2, 2013
    Wednesday, July 3, 2013
    Friday, July 5, 2013

If none of those dates are agreeable to you, please contact me at your earliest convenience to select another date.
Thank you for your attention.

_____
Juliann O'Donnell, PRO SE
1 Whitcomb Way
North Reading, MA  01864
978-273-1137
nrodonnell@gmail.com



**CONFIDENTIALITY**

The information contained in this electronic message is intended for the exclusive use of the addressee(s), and may contain confidential or legally privileged information. If you are not the intended recipient, you have received this message in error and any use, dissemination, forwarding, printing or copying is strictly prohibited. If you have received this communication in error, please notify the sender and purge this message immediately without making any copy.

3