UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JULIANN O'DONNELL | ) | Chapter 7 |
| | ) | Case No. 12-10038-FJB |
| | ) | |
| DEBTOR | ) | |
| | ) | |
| ASSOCIATED RECEIVABLES | ) | |
| FUNDING, INC., | ) | |
| PLAINTIFF | ) | |
| V. | ) | |
| | ) | Adversary Proceeding |
| JULIANN O'DONNNELL | ) | No. 12-01146 |
| DEFENDANT | ) | |
| | ) | |

## NON-DEBTOR'S MOTION TO QUASH SUBPOENA IN AN ADVERSARY PROCEEDING

Now comes Non-Debtor, Brian O'Donnell, and respectfully submits **NON-DEBTOR'S MOTION TO QUASH SUBPOENA IN AN ADVERSARY PROCEEDING**

In Support of Non-Debtor's Motion, Non-Debtor states:

1) Plaintiff, Associated Receivables Funding, Inc. "ARF" caused to be filed "SUBPOENA IN AN ADVERSARY PROCEEDING" in this Adversary proceeding on June 20, 2013. Two subpoenas, one for me and one for my wife, were served to me in person on June 21, 2013 at approximately 10:30 am. (Exhibit #1, attached)

Pursuant to the provisions of Fed. R. Civ. P Rule 45(c) (3) (A) (i)

on timely motion, the issuing court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply;

Pursuant to the provisions of Massachusetts Civil Procedure Rule 45: (d) (1) Subpoena for Taking Deposition; Place of Examination ..."A deposition subpoena upon a party which commands the production of documents or things must give the party deponent at least thirty days for compliance after service thereof."

This Non-Debtor was commanded to appear on July 8, 2013 for production of documents, only 18 days after being served, not 30. Non-Debtor has timely filed this motion to quash . Furthermore, I have never been contacted by counsel for ARF to confer and setup a time that would be mutually convenient to be deposed.

2) Improper service. Pursuant to Mass. R. Civ. P. 30(b)(1), " when the subpoena is served, the fees for one day's attendance at the deposition and mileage allowed by law must be delivered to the witness. Non-Debtor was not given witness fee upon service of subpoena. Also, the Process Server did not sign any documents, only handwrote the date of June 21, 2013 and my address on both documents.

3) The document production list consists of same documents previously requested as non-debtor spouse in Rule 2004 production of documents on August 24, 2012. The document list is overly broad and non-specific. The only purpose of this subpoeana is to further harass and oppress the Non-Debtor. ARF is well aware that Non-Debtor is under extreme duress and has serious health issues. Additionally, Default judgment has already been entered in South Carolina, County of Greenville Court of Common Pleas Case No. 2011-CP-23-8271 for $131,994.99 on February 21, 2012.

JUL 01'13 PM12:13 USB

WHEREFORE, Non-Debtor respectfully requests this Honorable Court to Quash this SUPBOENA IN AN ADVERSARY PROCEEDING and grant it such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: June 29, 2013

Brian O'Donnell, PRO SE
1 Whitcomb Way
North Reading, MA  01864
bfod78@gmail.com
978.276.1137

JUL 01'13 PM12:13 USB

## CERTIFICATE OF SERVICE

I, Brian O'Donnell, hereby certify that I have mailed, postage prepaid, a **copy of**

**NON-DEBTOR MOTION TO QUASH SUBPOENA IN AN ADVERSARY**

**PROCEEDING** to the parties listed on the annexed service list.

Respectfully submitted,

Brian O'Donnell, PRO SE
1 Whitcomb Way
North Reading, MA 01864
bfod78@gmail.com
978.276.1137

DATED: June 29, 2013

**Service List:**
Stewart F. Grossman, Esquire
Looney and Grossman
101 Ash Street
Boston, MA 02110

Michael B. Feinman, Esquire
Feinman Law Offices
23 Main Street
Andover, MA

Form 255 – Subpoena in an Adversary Proceeding (12/06)

Exhibit A

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District ___Massachusetts___

In re  Juliann O'Donnell ,
        Debtor

Associated Receivables Funding Inc.
        Plaintiff
        v.
Juliann O'Donnell ,
        Defendant

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No. * 12-10038-FJB

Chapter  7

To: Brian O'Donnell
1 Whitcomb Way, North Reading, MA 0186

Adv. Proc. No. * 12-01146

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Feinman Law Offices<br>23 Main Street, Andover, MA 01810 | July 18, 2013 @ 10:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE DOCUMENT LIST ATTACHED HERETO.

| PLACE | DATE AND TIME |
|---|---|
| Feinman Law Offices<br>23 Main Street, Andover, MA 01810 | July 8, 2013 @ 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/20/13 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER | |
| Michael B. Feinman, 23 Main Street, Andover, MA 01810 (978) 475-0080 | |

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 – Subpoena in an Adversary Proceeding (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 6-21-13 | 1 Whitcomb Way, N. Reading, MA |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                    DATE                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Documents:**

1.    All bank statements, cancelled checks, deposit slips and memos relating to evidencing any bank account bearing your name or held in trust for you, or into which you deposited funds or maintained check signing authority for the period of January 1, 2010 through and including December 31, 2011.

2.    All bank statements, cancelled checks, deposit slips and memos relating to evidencing any bank account in the name of Grove Electronics, LLC or d/b/a Chip Partners for the period of January 1, 2010 through and including December 31, 2011.

2.    All bank statements, cancelled checks, deposit slips and memos relating to evidencing any bank account in the name of Chip Partners for the period of January 1, 2010 through and including December 31, 2011.

Exhibit #1

Form 255 – Subpoena in an Adversary Proceeding (12/06)

# UNITED STATES BANKRUPTCY COURT

Eastern District Massachusetts

In re Juliann O'Donnell,
    Debtor

Associated Receivables Funding Inc.
    Plaintiff
v.
Juliann O'Donnell,
    Defendant

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Case No. * 12-10038-FJB

Chapter 7

To: Juliann O'Donnell
1 Whitcomb Way, North Reading, MA 0186

Adv. Proc. No. * 12-01146

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Feinman Law Offices<br>23 Main Street, Andover, MA 01810 | July 17, 2013 @ 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE DOCUMENT LIST ATTACHED HERETO.

| PLACE | DATE AND TIME |
| --- | --- |
| Feinman Law Offices<br>23 Main Street, Andover, MA 01810 | July 8, 2013 @ 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | 6/20/13 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER | |
| Michael B. Feinman, 23 Main Street, Andover, MA 01810 (978) 475-0080 | |

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 – Subpoena in an Adversary Proceeding (12/06)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 6-21-13 | 1 Wh. tcomb Way, N. Reading, MA |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                                    DATE                                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Documents:**

1. All bank statements, cancelled checks, deposit slips and memos relating to evidencing any bank account bearing your name or held in trust for you, or into which you deposited funds or maintained check signing authority for the period of January 1, 2010 through and including December 31, 2011.

2. All bank statements, cancelled checks, deposit slips and memos relating to evidencing any bank account in the name of Grove Electronics, LLC or d/b/a Chip Partners for the period of January 1, 2010 through and including December 31, 2011.

2. All bank statements, cancelled checks, deposit slips and memos relating to evidencing any bank account in the name of Chip Partners for the period of January 1, 2010 through and including December 31, 2011.

June 29, 2013

JUL 01 '13 PM 12:13 USB

Clerk of Courts
United States Bankruptcy Court
John W. McCormack Post Office and Court House
5 Post Office Square, Suite 1150
Boston, MA 02109-3945

RE:   Non-Debtor Brian O'Donnell

      Juliann O'Donnell
      Chapter 7;  Case No. 12-10038-FJB
      Adversary Proceeding No. 12-01146-FJB

Dear Sir/Madam,

Please file attached **NON-DEBTOR'S MOTION TO QUASH SUBPOENA IN AN ADVERSARY PROCEEDING** in Adversary Proceeding No. 12-01146-FJB.

Very truly yours,

Brian O'Donnell /PRO SE
1 Whitcomb Way
North Reading, MA  01864

978.276.1137
bfod78@gmail.com